Shawna L. Parks (SBN 208301)
LAW OFFICE OF SHAWNA L. PARKS
4470 W. Sunset Blvd., Suite 107-347
Los Angeles, CA 90027
Phone/Fax: (323) 389-9239
sparks@parks-law-office.com

Surisa E. Rivers (SBN 250868)
RIVERS LAW, INC., APC
2600 Foothill Blvd., Ste. 203
La Crescenta, California 91214
Tel: (818) 330-7012
Fax: (213) 402-6077
surisa@riverslawinc.com

Attorneys for Plaintiff

Michele M. Goldsmith (SBN 178222)
Matthew R. Hicks (SBN 191772)
BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, CA 90024-4101
Telephone   (310) 470-6110
Facsimile   (310) 474-0931

Attorneys for Defendant,
LOS ANGELES UNIFIED SCHOOL DISTRICT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| S.T., a minor, by and through her guardian ad litem, N.T.; and N.T., as an individual<br><br>Plaintiff,<br>v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT, AND DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 2:19-cv-06693-GW(SKx)<br><br>**STIPULATED PROTECTIVE ORDER – SPECIFIC TO RECORDS FROM THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES**<br><br>Discovery Cut-Off: January 29, 2021<br>Final Pre-Trail Conf: March 25, 2021<br>Trial: April 6, 2021<br><br>**U.S. Magistrate Judge Hon. Steve Kim** |

IT IS HEREBY STIPULATED, by and among the parties hereto, as follows[1]:

This case addresses Plaintiffs' allegations of unlawful discrimination against Plaintiff S.T., a student with a connective tissue disorder, Ehlers-Danlos Syndrome (EDS), which among other symptoms, causes chronic pain, limited mobility, and physical exhaustion. Plaintiffs also have allegations regarding retaliation, involving calls made by school staff to the Department of Children and Family Services. Defendant denies Plaintiffs' claims and denies that Plaintiffs have been damaged.

Because the Department of Children and Family Services Bureau of Child Protection referrals (Referral Numbers: 0269-7961-5960-6081866, 1054-9317-7739-7046205, and 0013-0086-9336-5047776) are involved in two of the claims in this lawsuit, the parties to this civil action, in preparation of their respective cases and discovery, need to exchange information and documents contained within the juvenile case files.

On August 25, 2020, Defendant Los Angeles Unified School District ("Defendant") successfully opposed Plaintiffs' motion seeking the name of the individual or individuals who contacted the Department of Children and Family Services, which ruling by the Magistrate Judge prevented Defendant LAUSD from having to disclose that information. On October 8, 2020, the Court denied Plaintiffs' motion challenging the Magistrate Judge's ruling and affirmed the ruling. This Stipulation in no way impacts or effects those rulings, and by entering into this Stipulation, Defendant does not waive its right to continue to claim anonymity and/or constitute a waiver of the Court's prior rulings.

---

[1] Due to the need for this protective order to separately address protections for S.T.'s files from the Department of Children and Family Services, the parties have not included a redline comparison for this specific Stipulated Protective Order as it does vary from the standard Central District order, as well as that already in place as a general matter for this case (Dkt 39), in that it specifically identifies what documents are protected, to whom they may be disseminated, and the process for managing these specific documents.

**GOOD CAUSE STATEMENT**

California Welfare & Institutions Code section 827 provides that juvenile case files are "confidential." Given the confidential nature of juvenile case files, Welfare & Institutions Code section 827 strictly limits the inspection and release of such files, as well as "any portion thereof" and any "information relating to the content of the juvenile case file." Cal. Wel. & Inst. Code § 827(a)(4). To that end, Section 827 enumerates a list of limited persons who are authorized inspect a juvenile case file without a court order (*Id.*, subd. (a)(1)(A)-(P)), and in turn provides that authorized person may not disclose information from the juvenile file to an unauthorized person without a court order. *Id.*, subd. (a)(4). Persons not enumerated in the statute may only inspect such files "by court order of the judge of the juvenile court upon filing a petition." *Id.*, subd. (a)(1)(Q). Rule 5.552 of the California Rules of Court and Rule 7. 2 of the Los Angeles Superior Court set forth the petition procedure.

On March 20, 2020, Plaintiff N.T. filed the necessary Declaration in Support of Access to Juvenile Records. The County of Los Angeles Office of the County Counsel Dependency Division provided the Juvenile Records five months later in August 2020 with redactions. However, the Juvenile Records included a warning letter outlining the confidentiality of the records and directing N.T. not to disseminate the records.

Based on follow up inquiries with the juvenile court, Plaintiffs followed the petition procedure set forth in rule 5.552 of the California Rules of Court and Rule 7.2 of the Los Angeles Superior Court for disclosure of these records in litigation. Plaintiffs' petitions were filed in Los Angeles Superior Court Juvenile Division in September 24, 2020. After numerous follow up attempts via electronic mail and phone calls, the Juvenile Court has been unable to provide a date of when the records will be released. Most recently on February 8, 2021, Plaintiff's counsel was informed by the Juvenile Court that the records are in queue to be reviewed by research attorneys and some files have taken up to a year to be released. To date, the records have not been disseminated to Defendant or its counsel.

Given the confidential nature of juvenile case files and in order to facilitate discovery and exchange of the juvenile case files in the Department of Children and Family Services Bureau of Child Protection referrals (Referral Numbers: 0269-7961-5960-6081866, 1054-9317-7739-7046205, and 0013-0086-9336-5047776), and in the interest of due process, the parties hereby stipulate and agree that the production of these "Protected Documents" for purposes of this case will be governed by the following protective order.

For purposes of this Protective Order, "Protected Documents" shall include all information and documents contained within the juvenile case files for S.T. relating to Department of Children and Family Services Bureau of Child Protection referrals (Referral Numbers: 0269-7961-5960-6081866, 1054-9317-7739-7046205, and 0013-0086-9336-5047776)

**SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Documents (as defined above) but also (1) any information copied or extracted from Protected Documents; (2) all copies, excerpts, summaries, or compilations of Protected Documents; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal the information within the Protected Documents.

Any use of Protected Documents at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**PROTECTIVE ORDER**

The Protected Documents shall be subject to this Protective Order as follows:

1.  The Protected Documents, or any portion thereof, produced by the parties will be clearly designated as "CONFIDENTIAL." The "CONFIDENTIAL" designation shall be placed on each of the pages of the Protected Documents in a manner that does not overwrite or make illegible the text of the documents.

2.  Each person receiving any of the Protected Documents shall not disclose to any person or entity, in any manner, including orally, any of the Protected Documents or

any of the information contained therein, except when used for purposes of this litigation pursuant to this Protective Order.

3. The Protected Documents and all information contained therein, may only be disclosed to the following "qualified" persons:

(a) Counsel of record for the parties to this civil litigation;

(b) Plaintiffs S.T. and N.T., and immediate family, including A.T.;

(c) Defendants Los Angeles Unified School District and its employees who are legitimately involved in litigation-related activities, including, without limitation, the Office of General Counsel and its in-house counsel and paralegals, and such employees working with Portola Middle School;

(d) Paralegal, stenographic, clerical and secretarial personnel regularly employed by Plaintiff or counsel referred to in subparagraph (a); and, investigators, expert witnesses and other persons legitimately involved in litigation-related activities for the counsel of record; and

(e) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action.

4. With the exception of the Court and court personnel (who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal), all persons receiving a copy of the Protected Documents shall, before receiving such protected information, be given a copy of this Protective Order and a compliance agreement (in the form attached hereto as Exhibit "A") and shall execute the compliance agreement, and return the original of the compliance agreement to the attorney or party who gives him/her the protected information. It shall be the responsibility of the respective attorneys and parties to distribute compliance agreements, and then collect and maintain custody of the executed originals of the compliance agreements.

5. The court reporter, videographer, and audiographer, if any, who record all or part of any future deposition(s) in this matter, which include the Protected Documents or descriptions thereof, shall be subject to this Order and precluded from providing any portions of the original deposition videotape, audiotape, or exhibits which relate to the Protected Documents or information to any persons other than counsel of record, absent order of the court.

6. Those attending any future deposition(s) shall be bound by this Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any documents from the Protected Documents made by such person during the course of said depositions.

7. At any future deposition(s), should there be persons in attendance who are not authorized to access to the Protected Documents or information, such persons shall be removed from the deposition room at any time information relating to the Protected Documents or protected information is disclosed or discussed.

8. The Protected Documents shall be used solely in connection with the preparation and trial of is action, entitled *S.T. v. Los Angeles Unified School District, et al.*, bearing case number 2:19-cv-06693-GW-SK, or any related appellate proceeding, or related state proceeding, *S.T. v. Los Angeles Unified School District, et al.,* Case No. 19STCV27861, and not for any other purpose, including, without limitation, any other litigation or administrative proceedings or any investigation related thereto.

9. This Order may not be modified unless by written consent of the parties and approval of the Court. Any party may move for a modification of this Order at any time. Upon receipt and review of the Protected Documents produced pursuant to this Protective Order, any party may move to remove the confidential designation of any document after meeting and conferring with opposing counsel and pursuant to the procedures governing discovery motions set forth in Central District of California Local Rule 37.

10. This Order is made for the purpose of ensuring that the Protected Documents will remain confidential, unless otherwise ordered by the Court or in response to a successful motion by a party made pursuant to Paragraph 9.

11. At the conclusion of this litigation, the parties and every other person and/or entity except the Court who received originals or copies of the Protected Documents shall destroy all such material and material derived therefrom within 30 calendar days after the conclusion of this case. Additionally, within thirty 30 calendar days after the conclusion of this case, the parties shall exchange signed declarations stating that such material has been destroyed pursuant to this Protective Order.

*** End of Protective Order ***

IT IS SO STIPULATED.

Dated: February 18, 2021

RIVERS LAW, INC., APC
LAW OFFICE OF SHAWNA L. PARKS

_____
Surisa Rivers
Attorneys for Plaintiffs

Dated: February 18, 2021

BERGMAN DACEY GOLDSMITH

_____
Michele M. Goldsmith
Matthew R. Hicks
Attorneys for Defendant LOS ANGELES UNIFIED SCHOOL DISTRICT

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED

DATED: February 19, 2021

_____
HON. STEVE KIM
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *S.T. V. Los Angeles Unified School District, et al.*, bearing case number 2:19-cv-06693-GW-SK.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____
STIPULATED PROTECTIVE ORDER – SPECIFIC TO RECORDS FROM THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES
-8-